Isaac M. WEBB, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 12506.

District of Columbia Court of Appeals.

Submitted Feb. 16, 1978.

Decided June 6, 1978.

---

Tracy A. Stewart, Washington, D.C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Alexia Morrison and John J. McDermott, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was convicted by a Superior Court jury on June 7, 1977 of assault with a dangerous weapon, in violation of D.C. Code 1973, § 22–502. He received a sentence of 2 to 6 years, the execution of which was suspended in favor of a two-year probationary period. The conviction was the result of an altercation at the District of Columbia Jail on May 13, 1976, between appellant, who was a corrections officer, and the complaining witness, who was a visitor at the facility. The complaining witness testified that as he was leaving the jail, he opened a door in such a way as to inadvertently make contact with appellant's arm. The two men exchanged harsh words, and appellant charged at the complaining witness, weapon in hand. The primary factual issue at trial was the nature of the weapon. The complaining witness testified it was a blackjack, which is a dangerous weapon requisite for conviction under § 22–502. Appellant maintained it was an Afro comb, which is not.

Appellant contends that reversal is mandated by the trial court's refusal to permit defense counsel to cross-examine the complaining witness with respect to potential bias in his testimony stemming from the latter's having instituted a civil suit against him based on the altercation. In accordance with the principles we have announced today in *Springer v. United States*, D.C.App., 388 A.2d 846 (1978), we agree and reverse.

It is clear that cross-examination with respect to the pending civil action should have been permitted as relevant to the issue of the complaining witness' bias. *Villaroman v. United States*, 87 U.S.App.D.C. 240,

184 F.2d 261 (1950); *United States v. Cohen,* 163 F.2d 667 (3d Cir. 1947). This is especially true where, as here, the complaining witness' testimony was key to appellant's conviction. The complaining witness' assertion that appellant attacked him with a blackjack was corroborated only by the testimony of a second witness, who told the jury that he had observed appellant attack complainant with a blackjack, but who conceded on cross-examination that he had previously expressed some doubt about the identity of the weapon during his testimony at a Department of Corrections hearing on the incident. Indeed, this second witness testified that the complaining witness had initially told him that the instrument used in the attack was a comb. The complaining witness admitted having made this assertion. Under such circumstances, testimony relating to the complaining witness' civil suit could have severely damaged the government's case. A jury aware of the civil suit could well have concluded that the complaining witness' initial belief that the weapon was a comb was accurate and that he later changed his story to strengthen his civil action.

 Having determined that the trial court erred in prohibiting such cross-examination we are left to decide by what standard the impact of this error should be assessed. We have today, in *Springer v. United States, supra,* addressed at considerable length the standard of review to be applied to an asserted denial of the Sixth Amendment right to confrontation. We have made clear that our standard of review will depend upon the scope of cross-examination permitted at trial, measured against what we believe to be the degree of cross-examination appropriate under the circumstances. Where the record indicates that a requested line of cross-examination on the question of bias has been curtailed *in limine,* we will reverse automatically without assessing the impact of the error. *Springer v. United States, supra,* 388 A.2d at 846. *See e. g., Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Gillespie v. United States,* D.C.App., 368 A.2d 1136 (1977). Where the record

shows that the trial court permitted, but erroneously restricted a line of cross-examination on the issue of bias, we will examine the error pursuant to the standard announced in *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), under which we will reverse unless the error is harmless beyond a reasonable doubt. *Springer v. United States, supra,* 388 A.2d at 846.

The instant error falls within the former category. The trial court cut off, *in limine,* all inquiry with respect to the complaining witness' potential bias stemming from his civil suit against appellant. This was error *per se* and accordingly, appellant's conviction is

*Reversed.*