Carolyn M. MITCHELL, Appellant,

v.

UNITED STATES, Appellee.

No. 79–289.

District of Columbia Court of Appeals.

Submitted Oct. 16, 1979.

Decided Oct. 17, 1979.*

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

James T. Maloney, appointed by the court, was on brief for appellant.

Carl S. Rauh, U. S. Atty., and John A. Terry, Michael W. Farrell, and Michael J. Ryan, Asst. U. S. Attys., Washington, D. C., were on brief for appellee.

Before NEBEKER, HARRIS and FERREN, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted of assault. D.C. Code 1973, § 22–504. She contends that the trial court abused its discretion in limiting the cross-examination of the complainant and the direct examination of the defense investigator. We affirm.

## I

Appellant, a Veterans Administration hospital employee, requested Dr. Olga Gilloegly, a staff physician at the hospital, to cosign a prescription for 100 tablets of Valium. Dr. Gilloegly had the responsibility to approve, by cosigning, any prescriptions given to employees at the hospital.

Dr. Gilloegly refused to cosign when she determined that appellant had not sustained a job-related injury and hence was not eligible for drugs. Appellant later returned to Dr. Gilloegly's office and was advised by the doctor's secretary, Mrs. Hollis, that the doctor could not see her. Appellant left but returned with two styrofoam cups.

As Dr. Gilloegly left her office for a staff meeting, appellant confronted her in the hall. When the doctor indicated again that she would not approve the prescription, appellant threw two cups of hot water at Dr. Gilloegly, causing burns which necessitated medical treatment.

## II

 Appellant argues that (1) her right of cross-examination was improperly curtailed, and (2) her attempt to establish witness bias was erroneously foreclosed. The opportunity to cross-examine adverse witnesses is an important and fundamental right demanding great respect. The Sixth Amendment guarantees a defendant in a criminal prosecution the right "to be confronted with the witnesses against him." *See Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Springer v. United States,* D.C.App., 388 A.2d 846, 854 (1978). Although the right to cross-examine is thus inherent in the Sixth Amendment right to confrontation, "[the] extent of cross-examination [of a witness] with respect to an appropriate subject of inquiry is within the sound discretion of the trial court." *Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 215, 220, 75 L.Ed. 624 (1931); *see generally Springer v. United States, supra.* The trial judge always may limit cross-examination "to prevent inquiry into matters having little relevance or probative value to the issues raised at trial." *Springer v. United States, supra,* at 855, *quoting Miles v. United States,* D.C.App., 374 A.2d 278 (1977).

Defense counsel cross-examined Dr. Gilloegly for some time. Near the conclusion of that cross-examination, defense counsel proffered to the court that the witness' earlier refusal to speak with the defense investigator bore on her credibility. Defense counsel then asked the witness: "Did an investigator come to see you from the Public Defender Service?" The trial court sustained the prosecutor's objection on relevancy grounds. Likewise, the trial court later excluded, as irrelevant, direct testimony by the defense investigator concerning his contact with Mrs. Hollis, the secretary of the complaining witness.

 A threshold test for admitting evidence is the requirement of relevancy. Does the proffered evidence render the facts to be proved more probable than without the proffered evidence? C. McCormick, Evidence § 185, at 434–38 (1972). In the instant case, the manner in which the complaining witness reacted to a defense investigator was not an issue. Testimony con-

cerning whether Dr. Gilloegly refused to speak with the investigator would not tend to make the existence or nonexistence of the charged assault more or less probable than would be the case without such testimony. *See United States v. Carter*, 173 U.S.App.D.C. 54, 73, 522 F.2d 666, 685 (1975).

■ The trial judge is the person who can best weigh the relevancy of disputed evidence against its tendency to confuse the jury on collateral issues. Here, as in all cases, an evidentiary ruling by a trial judge on the relevancy of a particular item is a highly discretionary decision which will be upset on appeal only upon a showing of "grave abuse." *See Punch v. United States*, D.C.App., 377 A.2d 1353, 1358 (1977); *Hardy v. United States*, 118 U.S. App.D.C. 253, 254, 335 F.2d 288, 289 (1964). The proffered evidence was not relevant and its exclusion did not constitute an abuse of the trial court's discretion.

### III

■ Appellant also argues that her attempt to establish bias on the part of the complaining witness was improperly foreclosed.[1] We realize that cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. *See Davis v. Alaska, supra; Hyman v. United States*, D.C.App., 342 A.2d 43, 44 (1975). Defense counsel did cross-examine Dr. Gilloegly extensively. The jurors had ample opportunity to draw whatever inferences they chose regarding her bias and credibility. Cross-examination as to bias may be especially important where one who is a key government witness is also a professional informant, where a key witness is an accomplice, or where a witness has been given immunity from prosecution. Cross-examination in an effort to attack credibility is also of significant import where a witness' testimony establishes a required element of the charged offense or has little independent corroboration. *See Springer v. United States, supra*, at 855, and cases cited therein.

■ This particular bias cross-examination met none of those criteria. The assault was corroborated by Mrs. Hollis and, at least partially, by appellant herself. Moreover, the proffered testimony would no more establish bias on Dr. Gilloegly's part than would an underlying feeling that there may have been a natural desire on the part of the complainant to see the defendant convicted, which may have been reflected by the doctor's apparent unwillingness to cooperate with the defense investigator. The trial court was well within the proper exercise of its discretion in excluding the cross-examination inquiry, and, in any event, appellant suffered no prejudice thereby. *See Springer v. United States, supra*, at 856.

### IV

■ Limiting the direct examination of the defense investigator also was not erroneous. The proffered testimony was not relevant to the issues being tried. How Mrs. Hollis interacted with the defense investigator who was examining the circumstances surrounding the charged assault was irrelevant to whether the assault did or did not occur. Once a trial judge balances the probative value of the evidence against the risk of confusion, we will disturb his ruling only upon a showing of an abuse of discretion. *Punch v. United States, supra*, at 1358. The proffered testimony could have led the jury into irrelevant speculation on the collateral issue of investigation techniques. The "regulation of the extent and scope of cross-examination must generally lie within the discretion of the trial court and reversal is warranted only where an abuse of discretion leads to prejudice." *Howard v. United States*, 128 U.S.App.D.C.

---

1. In his proffer at trial, defense counsel indicated that Dr. Gilloegly's refusal to speak with the investigator had "something to do with her credibility," and did not mention the issue of bias, which now is urged by appellant in her brief. We treat the issue of bias as a subcategory of credibility. *See* C. McCormick, *supra*, § 33, at 66–67. We look both at bias specifically and at the broader category of credibility.

336, 341, 389 F.2d 287, 292 (1967) (footnotes omitted), *quoted in Best v. United States,* D.C.App., 328 A.2d 378, 381 (1974). Here, the evidentiary rulings both were proper and resulted in no prejudice to appellant.

*Affirmed.*