Robert L. COLIGAN, Appellant,

v.

UNITED STATES, Appellee.

Mark D. McKAY, Appellant,

v.

UNITED STATES, Appellee.

Nos. 79–808, 79–865.

District of Columbia Court of Appeals.

Argued Jan. 7, 1981.

Decided Aug. 19, 1981.

Russell F. Canan, Washington, D. C., appointed by this court, for appellant Coligan.

John C. Youngs, Washington, D. C., appointed by this court, for appellant McKay.

John A. Terry, Asst. U.S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U.S. Atty., Whitney M. Adams and Robert Bruce Amidon, Asst. U.S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, HARRIS and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

These consolidated appeals arise from appellants' convictions of armed kidnapping and armed robbery, D.C.Code 1973, §§ 22–2101, –2901, –3202. Appellants contend, *inter alia*, that their Sixth Amendment right of confrontation was abridged by the trial court's *in limine* limitation on the cross-ex-

amination of the key government witness. We agree, and therefore reverse the convictions and remand for a new trial.

The government's case at trial was primarily built on the testimony of the victim, Roy Keen. Keen testified that he was in the vicinity of 14th and Girard Streets, N.W., on the evening of January 12, 1978, when appellants drove up to him in a yellow Pontiac Firebird. Appellant Coligan identified himself to Keen as a police officer and ordered him into the car. Keen complied and, as the car was driven down 14th Street, $250 in cash was taken from Keen's pocket at gunpoint. Keen, fearing for his life, jumped out of the car and reported the incident to a nearby policeman. Keen identified appellant McKay in a show-up situation a few minutes later. McKay, who had been driving a yellow Firebird, was stopped by the police in the vicinity of 16th Street and Florida Avenue, N.W. A short time thereafter, Keen identified appellant Coligan who had walked into the Third District police station where McKay and Keen were taken.

During the course of the government's case-in-chief, counsel for appellant Coligan informed the trial court of the existence of an unrelated drug charge pending against the witness Keen. Counsel requested the court's permission to cross-examine Keen as to possible bias. The ensuing dialogue, involving the trial judge, the Assistant United States Attorney, and attorneys for both appellants, culminated in the court's refusal to permit any questioning of the witness concerning the charge pending against him. The court appeared to base its ruling on the fact that counsel wanted to cross-examine based on an arrest rather than on a conviction.

THE COURT: Well, you don't have probation.

MR. CANAN: Not probation, but we have pending charges, past charges—

THE COURT: Probation would mean a conviction, which would give you a right to inquire.

■ It is generally true that prior arrests (save for reputation issues) are not admissible in evidence and are not proper subjects of cross-examination, even for credibility purposes. However, it is axiomatic that an essential component of the Sixth Amendment's right of confrontation is the opportunity to effectively cross-examine the government's witness. *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1109, 39 L.Ed.2d 347 (1974); *Springer v. United States*, D.C.App., 388 A.2d 846, 854 (1978); *Moss v. United States*, D.C.App., 368 A.2d 1131, 1134 (1977). One area of cross-examination that is always open, particularly to defendants in criminal proceedings, is the attempt to demonstrate bias or testimonial motivation of government witnesses. *Smith v. United States*, D.C.App., 392 A.2d 990, 992 (1978); *Springer v. United States, supra* at 855; *Tinker v. United States*, 135 U.S.App.D.C. 125, 417 F.2d 542, *cert. denied*, 396 U.S. 864, 90 S.Ct. 141, 24 L.Ed.2d 118 (1969). The purpose of such cross-examination is to attempt to demonstrate that because the witness has a present personal liberty interest with the court system, such as a pending charge or probationary status, the witness may have a motive to curry favor by testifying for the government. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *Tabron v. United States*, D.C.App., 410 A.2d 209, 212 (1979); *Gillespie v. United States*, D.C.App., 368 A.2d 1136 (1977); *Johnson v. State*, 30 Md.App. 512, 352 A.2d 371, *cert. denied* (1976). The opportunity to engage in bias cross-examination becomes of critical importance where, as in the instant case the witness is the key government witness whose largely uncorroborated testimony established one or more elements of the charge. *Davis v. Alaska, supra*, 415 U.S. at 317, 94 S.Ct. at 1111; *Mitchell v. United States*, D.C.App., 408 A.2d 1213, 1215 (1979); *Springer v. United States, supra* at 857; *Moss v. United States, supra* at 1135.

■ In the instant case, the trial court refused to permit any cross-examination on the issue of the pending charge against Keen. The government contends, however, that any error in refusing to permit such cross-examination was harmless because there was broad-ranging questioning concerning Keen's involvement in narcotics trafficking and counsel was permitted to argue Keen's drug involvement to the jury. The government's position misses the mark. The questioning and argument as to Keen's drug involvement, while going to general credibility, did not deal with bias in the context in which it has been discussed here. There was nothing that would have indicated to the jury that Keen might have had a motive for testifying favorably for the government. *See Davis v. Alaska, supra*, 415 U.S. at 318, 94 S.Ct. at 1111. Only where the trial court has permitted some bias cross-examination, or where potential bias is otherwise adequately demonstrated during the trial, will we consider whether any constitutional error resulting from a curtailment of bias cross-examination may be considered harmless. *See Mitchell v. United States, supra* at 1215; *Smith v. United States, supra* at 993; *Rhodes v. United States*, D.C.App., 354 A.2d 863, 866 (1976).

■ Here, inasmuch as (1) defense counsel was denied any opportunity to cross-examine as to a possible liberty interest bias after making an adequate proffer, (2) the witness involved was the key government witness, and (3) the chance of a testimonial motivation of the witness was not otherwise made known to the jury, we conclude that the jury had no opportunity to assess the potential bias of the witness. Accordingly, the judgments of conviction are reversed and the cases are remanded for a new trial.

*Reversed and remanded.*