213 A.2d 819 (1965)
Kenneth A. WASHINGTON, Appellant,
v.
UNITED STATES, Appellee.
Kenneth A. WASHINGTON, Appellant,
v.
DISTRICT OF COLUMBIA, Appellee.
No. 3827-28.
District of Columbia Court of Appeals.
Argued October 4, 1965.
Decided October 25, 1965.
Julius A. Johnson, Washington, D. C., for appellant.
Jerome Nelson, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Henry Monahan, Asst. U. S. Attys., were on the brief, for appellee in No. 3827.
Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee in No. 3828.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
QUINN, Associate Judge:
Appellant was convicted of petit larceny and tampering with an automobile and given concurrent sentences. The government's case rested entirely on the testimony of a police officer who stated that while he was cruising in a police car driven by another officer, he observed appellant standing by a parked vehicle bearing Illinois tags. He testified that he noticed clothing hanging on a rack in the back of the vehicle. The police cruiser continued down the block and then doubled back to the parked automobile. Appellant was observed entering the car and when the officers reached it, they *820 found him lying on the front seat. The clothes which had previously been on a hanger in the back had been moved to the front seat. The officer confronted appellant and asked him if the car was his, to which appellant replied, "You know it isn't my car. You know what I'm doing." Appellant then showed him the soles of his shoes and said that he was walking the streets without a penny, stating, "I cannot get a job because of my record. You have got me." A search of appellant's person revealed a screw driver in his pocket which had been used to pry the window molding of the car.
After the officer's testimony the government rested its case. Appellant elected not to present any evidence and his motion for acquittal was denied. The court then found him guilty of both charges and judgment was entered accordingly. These appeals ensued.
Appellant has served the full term of his sentence on the tampering charge and has failed to demonstrate to this court any collateral consequences of the conviction which will materially affect him. His appeal from that conviction is therefore dismissed as moot. See Byrd v. District of Columbia, D.C.App., 201 A.2d 536 (1964).
Appellant's appeal from the petit larceny conviction may be considered, however, as he still has time to serve on that charge. His contention is that the government failed to prove an essential element of the crime of larceny, that someone other than appellant owned, or had the right to possession of, the allegedly stolen articles. We agree. As we stated in Nelson v. United States, D.C.Mun.App., 142 A.2d 604, 605 (1958):
"* * * There is a fundamental requirement in every prosecution that the Government must, directly or circumstantially, prove the essential elements of the crime charged. In a larceny case one of the elements is ownership of the stolen property. * * *"
The only evidence before the trial court concerning the issue of ownership was appellant's extrajudicial statement that the car was not his. This admission, however, was not adequate to prove that the property belonged to another, even if it were, as the government claims, sufficiently corroborated by substantial independent evidence showing its trustworthiness. The government's burden of proving that the clothing found in appellant's possession belonged to someone else was an affirmative one, and it was not sufficient merely to prove that the property did not belong to him. McGilton v. United States, D.C.Mun. App., 140 A.2d 190 (1958); Sippio v. State, 227 Md. 449, 177 A.2d 261 (1962); Haines v. State, 113 So.2d 601 (Fla.App.1959). In McGilton, certain property was allegedly stolen from Woodward & Lothrop's department store. An employee testified that the item was of a type sold there, but he could not positively identify it as coming from the store. Because of this we stated, at page 191, of 140 A.2d, that the evidence was insufficient to establish the corpus delicti, "for there was no proof that Woodward & Lothrop was the owner of the property or that it was lost to its owner by a felonious taking and carrying away." In the instant case there was not even a scintilla of evidence showing to whom the property belonged.
Moreover, in this and other jurisdictions it has been held that a failure of proof existed in a prosecution for larceny where there had been a substantial variance between the property owner alleged in the information or indictment and the owner proved at trial. Nelson v. United States, supra; Sippio v. State, supra; Gaskin v. State, 163 So.2d 220 (Ala.App.1964); State v. Elmore, 126 Mont. 232, 247 P.2d 488 (1952); Roberts v. State, 377 S.W.2d 656 (Tex.Cr.App.1964). Such fatal variances have been found in cases where the property was alleged to have been owned by a corporation and the evidence failed to establish the corporate status of the owner. Nelson v. United States, supra. Certainly we cannot *821 uphold a conviction where there is a complete absence of proof of ownership. Appellant's motion for a judgment of acquittal should have been granted.
We are not unmindful of the difficulty to which the government often is put in trying to prove ownership of articles stolen from visitors to the District. But such a requirement is necessary in order to insure that an alleged thief did not have the consent of the owner and that he will not be punished again for stealing the same property because of inadequate identification. See Gaskin v. State, supra. We might also add that the requirement that ownership be proved prevents prosecution for the taking of abandoned property, which is not a larceny.
No. 3827Reversed.
No. 3828Appeal dismissed.