**Frank GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 4643, 4644.

District of Columbia Court of Appeals.

Argued Dec. 2, 1968.

Decided March 21, 1969.

John J. Donnelly, Washington, D.C., for appellant.

Oliver A. Houck, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Frank Q. Nebeker and Clarence A. Jacobson, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellant was tried without a jury on charges of attempted housebreaking,[1] petit larceny,[2] and destroying private property.[3] He was acquitted on the housebreaking charge but found guilty of petit larceny and destroying property.

Appellant attacks as fatally defective the petit larceny information because it failed to allege the ownership of the television set, the alleged subject of the larceny. The Government concedes the validity of this claim and does not oppose reversal.[4]

Appellant attacks the destroying property information on the ground that it was not signed by the Assistant United States Attorney until after the trial was in progress. When the omission was called to the attention of the court, the prosecuting attorney was permitted to sign the information. While this court does not approve the too common occurrence of filing unsigned informations, we have ruled that

1. D.C.Code 1967, §§ 22–103 and 22–1801.

2. D.C.Code 1967, § 22–2202.

3. D.C.Code 1967, § 22–403.

4. *Cf.* Washington v. United States, D.C. App., 213 A.2d 819 (1965).

such an information is not fatally defective and may be amended at trial. See Jenkins v. United States, D.C.App., 242 A.2d 214 (1968) and cases there cited.

Appellant also claims that the evidence was insufficient to sustain a finding of guilty of destroying property. The evidence showed that at about two o'clock in the morning someone broke the glass of the front show window of a store and removed a television set displayed in the window. When the police arrived a few minutes after the break-in, they found appellant standing by the television set in an alley in the rear of the store. Appellant testified that he was near the store, waiting for a bus, when he heard the noise of the window being broken; that he saw a man remove some of the broken glass, take the television out and carry it around the corner; that in a few minutes the man came back and walked up the street; that he (appellant) then went to the rear of the store and found the television there and stood by it waiting for the police who he assumed would arrive promptly.

 Appellant's possession of stolen property so near the place and time of the theft was sufficient evidence from which the trial court could infer guilt of both the theft and the breaking of the window. Creighton v. United States, D.C.Cir., 406 F.2d 651 (decided November 26, 1968); Wood v. United States, 120 U.S.App.D.C. 163, 344 F.2d 548 (1965). Appellant's testimony, if believed, would have constituted a complete defense, but obviously the trial court did not believe it.

 Appellant argues that the finding of guilt rested entirely on circumstantial evidence and that in such a case the Government's evidence must be such as to negate every reasonable hypothesis of the accused's innocence. A similar argument was made and rejected in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). There it was argued that the jury should have been instructed that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. Pointing out that circumstantial evidence is intrinsically no different from testimonial evidence and that the test in either case is proof beyond a reasonable doubt, the Court ruled that where a jury is properly instructed on the standards of reasonable doubt, the requested instruction would be "confusing and incorrect." (at 140, 75 S. Ct. 127).

The evidence in this case was legally sufficient to sustain a finding of guilt beyond a reasonable doubt. The trial court, as trier of the facts, so found and its finding must stand.

Judgment in U.S. 8318–67 (petit larceny) is

Reversed with instructions to dismiss the information.

Judgment in U.S. 8319–67 (destroying property) is

Affirmed.