**Levi HOLMES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5450.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1971.

Decided May 13, 1971.

---

**94**

————◆————

Samuel Edgar Wilhite, appointed by this court, with whom David W. Harlan and Daniel V. Gsovski, were on the brief, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Barry W. Levine, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and REILLY, Associate Judges.

GALLAGHER, Associate Judge:

After trial by a jury appellant was convicted of possession of narcotic drugs in violation of D.C.Code 1967, § 33–402.

Around 5:45 one morning Officers Blevins and Harris stopped a car with four passengers and asked to see the driver's permit and registration card. While talking to the driver, the officers noticed the right front door open. Officer Blevins testified he went around the car and saw appellant in the front passenger seat leaning out of the car and shaking a number of capsules from a large paper cup onto the pavement. All occupants were then searched and nothing was found. About this time, Sergeant Lovelady appeared on the scene. He testified that he saw appellant throw a crumpled Kool cigarette package to the ground.[1] The occupants were taken into custody and placed in the scout car to await the arrival of police transport vehicles.

Essentially, appellant defended on the ground that he was mistakenly identified by Sergeant Lovelady as the one who possessed the Kool package, in which the narcotics were found. During cross-examination of Sergeant Lovelady, appellant's counsel attempted to question him concerning a statement purportedly made to an investigator retained by appellant's counsel to interview prospective witnesses. The apparent purpose was to attempt to develop prior inconsistent statements by the police sergeant.[2]

The Government agrees that counsel for appellant should have been permitted to

---

1. Only the contents of the Kool package were identified at trial as containing narcotics.

2. The pertinent examination is as follows:
   Q. Now, Officer Lovelady, do you recall having a conversation with an individual by the name of Steven Raben, on March 18th, 1970?
   [Prosecuting Attorney]: Objection, Your Honor.
   THE COURT: Sustained.
   [Defense Attorney]: Your Honor—.
   THE COURT: Sustained. You can have an exception, sir.

   [Defense Attorney]: May I come to the bench and make a proffer?
   THE COURT: No, you cannot make a proffer. I know what is coming. The objection is sustained.
   [Defense Attorney]: Well, Officer, isn't it a fact that you don't recall what the defendant looked—.
   [Prosecuting Attorney]: Objection, Your Honor.
   THE COURT: Sustained.
   [Defense Attorney]: No further questions.
   THE COURT: Step down, sir.

make a proffer and to pursue an attempt to impeach the witness. It contends, however, that the trial court's denial of the opportunity to impeach the police sergeant's testimony was not reversible error. We disagree.

"[C]ontrol of cross-examination is within the discretion of the trial judge, but it is only after a party has had an opportunity substantially to exercise the right of cross-examination that discretion becomes operative." Lindsey v. United States, 77 U.S.App.D.C. 1, 2, 133 F.2d 368, 369 (1942). We think that here the court substantially denied appellant his right of cross-examination. The gist of the defense was that, though a passenger in the car, appellant did not have the seized narcotics in his possession and was therefore not guilty of the offense charged. It was further his defense that it was due to a mistake by the arresting officers at the scene that he was charged with the offense. The police sergeant was the only Government witness who testified that he saw appellant drop the Kool package to the ground. If believed, this was sufficient to establish possession of the narcotics and, consequently, his credibility on this point was crucial.

 There is no way of knowing whether appellant could have established prior inconsistent statements by the witness. The fact remains he was certainly entitled to cross-examination for this important purpose; and surely he should have been permitted an opportunity to make a proffer, as he attempted to do. A defendant should not only be afforded procedural due process of law; it is also important that the appearance of due process be present. "[J]ustice must satisfy the appearance of justice." Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954). In these circumstances, it was prejudicial error to deny appellant this cross-examination.

Appellant makes numerous other allegations of error, some of which appear to raise substantial questions. While it is unnecessary to reach them in view of our disposition of this appeal, we assume that upon remand there will be no further complications on obtaining compulsory process; and that the trial court will not in effect forbid a prospective juvenile witness to testify because he might incriminate himself but, rather, will leave the question of whether to claim the privilege to the prospective witness and his counsel in the first instance. Furthermore, the offense charged being possession of narcotics, no substance should be received in evidence unless it is first properly identified as being narcotics [3] for the reason that it is not probative of the charge absent this identification and could result in misleading the jury.

Reversed and remanded for a new trial.

---

3. While the contents of the Kool package were properly identified, another quantity of substance from another container was received in evidence though it had not been so identified.