**Edward G. CARMON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–370.**

District of Columbia Court of Appeals.

Submitted Sept. 6, 1985.

Decided Oct. 11, 1985.

3. Because of our disposition of this case, we need not reach petitioner's other contentions.

Shelby D. Green, Washington, D.C., appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Mona C. Mack, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before MACK, BELSON, and TERRY, Associate Judges.

TERRY, Associate Judge:

After a non-jury trial, appellant was convicted of shoplifting in violation of D.C. Code § 22–3813(a) (1985 Supp.). On appeal his principal challenge is to the sufficiency of the evidence. We affirm the conviction.

I

The government's only witness at trial was a special police officer, A.L.C. Medley, who saw appellant committing the crime and, with the aid of his partner, arrested him on the spot. Officer Medley testified that he was on duty in a shopping mall, specially assigned to watch for shoplifters and pickpockets, when he saw appellant walking toward "It's Only Natural," a women's clothing store. Medley and his partner, Officer Contee, watched appellant as he entered the store, took two sweaters from a display rack, removed the hangers from them, and placed the sweaters under his coat. The two officers then moved toward the entrance of the store and stood there, one on either side of the doorway. When appellant left the store without paying for the sweaters, Officer Medley started to walk toward him. Upon seeing the officer, appellant ran back inside the store and dropped the sweaters on the floor. At the same time, the sales clerk ran out of the store and exclaimed that appellant was stealing the merchandise. The two officers quickly arrested appellant and seized the sweaters, which still had the store's price tags attached to them.

Appellant told a different story. He testified that when he picked up the sweaters, he put them under his arm (not under his coat) because he was carrying a briefcase in his other hand. He approached the sales clerk and asked her whether the store had a layaway plan; when she said it did not, he put the sweaters back on the rack and started to leave the store, at which point he was arrested. He specifically denied that he had gone out of the store with the sweaters.

The trial court, stating that the case "comes down to credibility," decided that Officer Medley's testimony was more credi-

ble than appellant's[1] and found appellant guilty of shoplifting.

## II

This is the first case in which we are called upon to review, in a published opinion, a conviction under the new shoplifting statute. The crime of shoplifting was created in 1982 as part of a general overhaul of the District of Columbia statutes dealing with theft, receiving stolen property, forgery, false pretenses, and related offenses.[2] D.C.Code § 22–3813 (1985 Supp.) provides in pertinent part:

(a) A person commits the offense of shoplifting if, with intent to appropriate without complete payment any personal property of another that is offered for sale or with intent to defraud the owner of the value of the property, that person:

(1) Knowingly conceals or takes possession of any such property;

(2) Knowingly removes or alters the price tag, serial number, or other identification mark that is imprinted on or attached to such property; or

(3) Knowingly transfers any such property from the container in which it is displayed or packaged to any other display container or sales package.

\* \* \* \* \* \*

(c) It is not an offense to attempt to commit the offense described in this section.

Appellant contends that the evidence at trial was insufficient in three respects to prove him guilty of shoplifting under this section. We reject all three arguments.

■ Appellant's main contention is that the government failed to prove the corporate status of the store from which the sweaters were taken. While it is true that there was no such proof, on the facts of this case its absence was not fatal. Under the shoplifting statute, the government had to prove simply that the sweaters were the "personal property of another," i.e., that someone other than appellant was their owner.[3] Although there was no direct testimony on the issue of ownership, there was ample evidence from which a reasonable trier of fact could find that appellant was not the owner.[4] Officer Medley testified that he saw appellant enter the store, remove the sweaters from the rack, stick them under his coat, and walk out of the store without paying for them. When appellant realized that he was about to be stopped by the officer, he went back into the store and dropped the sweaters on the floor. Just as he did so, the sales clerk ran over to the officer and said that appellant was "stealing" merchandise. From this circumstantial evidence the court, as trier of fact, could reasonably find that the proprietor of the store, whoever he, she, or it may have been, was the owner of the sweaters and that appellant was not. It was not necessary to prove exactly who the owner of the sweaters was, but merely that

1. The court noted that appellant's credibility had been impeached by prior convictions of robbery, attempted robbery, second-degree burglary, and other offenses.

2. District of Columbia Theft and White Collar Crimes Act of 1982, D.C.Law 4–164, 29 D.C.Reg. 3976.

3. Shoplifting-type cases were formerly prosecuted under the larceny statutes, D.C.Code §§ 22–2201 and 22–2202 (1981) (repealed 1982). These statutes codified the common law of larceny, which was an offense against possession rather than ownership. *Moss v. United States,* 368 A.2d 1131, 1133 (D.C.1977); *Levin v. United States,* 119 U.S.App.D.C. 156, 159, 338 F.2d 265, 268 (1964), *cert. denied,* 379 U.S. 999, 85 S.Ct. 719 (1965). The new shoplifting statute, how-

ever, requires proof that the goods at issue are the "personal property of another" (a phrase which was not in the larceny statutes), which means that in every shoplifting case the government must prove that someone other than the defendant is the owner.

4. In assessing a claim of evidentiary insufficiency, this court must view the evidence, and all reasonable inferences which may be drawn from the evidence, in the light most favorable to the government. *Crawford v. United States,* 126 U.S.App.D.C. 156, 375 F.2d 332 (1976); *Curley v. United States,* 81 U.S.App.D.C. 389, 160 F.2d 229, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

the owner—*i.e.*, the person or persons entitled to exercise dominion and control over the property—was someone other than appellant. The combination of appellant's behavior (entering the store, removing the sweaters from the hangers, concealing them under his coat, and then leaving the store), the sales clerk's comment, which was admitted without objection,[5] and the presence of the price tags on the sweaters was sufficient to prove that the sweaters were the "property of another," which is all that the statute requires.[6]

Having said this, we add a few words to express our concern that this issue is even in the case. The prosecutor could easily have called a representative of the store to testify on the issue of ownership, or the parties could have entered into an appropriate stipulation, as is often done in cases such as this. The government's willingness to cut corners in the presentation of its proof at trial has resulted in a needless expenditure of time and energy by this court and counsel on appeal.

■ Appellant also argues that the government failed to prove that he had a specific intent "to appropriate [the sweaters] without complete payment ...." D.C. Code § 22–3813(a) (1985 Supp.). We disagree. The evidence that appellant concealed the sweaters under his coat and walked out of the store without paying for them was sufficient to permit the court to infer the requisite specific intent. Appellant's testimony was to the contrary, of course, but the court chose to disbelieve it, as it had the right to do. The only case

cited by appellant on this point, *Durphy v. United States*, 235 A.2d 326 (D.C.1967), is quite different from the case at bar. In *Durphy* the court noted that the defendant's conduct did not indicate "a possession clearly adverse to the interests of the store ... [n]or can it be said that appellant tried or even contemplated carrying the goods out of the store without paying for them ...." *Id.* at 327. In the present case, by contrast, appellant's concealment of the sweaters under his coat was "clearly adverse" to the store's interest in them, and the evidence showed that appellant not only tried but succeeded in "carrying the goods out of the store without paying for them ...."

■ Finally, appellant contends that the evidence proved only an attempted shoplifting, which subsection (c) of the statute specifically states is not a crime. This contention is frivolous. As appellant says in his brief, "[a] completed act of shoplifting requires that defendant have exited or attempted to exit the store with the merchandise." That is precisely what the evidence showed. Officer Medley testified that appellant had emerged from the store with the sweaters under his coat and was in the public area of the shopping mall, about three or four feet outside the entrance to the store, when he saw the officer approaching. He then turned and re-entered the store, dropping the sweaters on the floor. Even by appellant's definition, this conduct established the offense of shoplifting.[7]

*Affirmed.*

**5.** "[O]nce hearsay evidence is admitted without objection, it may be properly considered by the trier of fact and given its full probative value." *Eldridge v. United States*, 492 A.2d 879, 883 (D.C.1985) (citations omitted).

**6.** *Washington v. United States*, 213 A.2d 819 (D.C.1965), on which appellant relies, is distinguishable from this case because in *Washington* there was "a complete absence of proof of ownership." *Id.* at 821. In addition, *Washington* and *Moss v. United States, supra* note 3, are inapposite because they were both brought under the petit larceny statute, which required the government to prove only that the person claim-

ing possession (rather than ownership) had greater rights in the property than the accused. In a larceny prosecution, it was "unnecessary to establish actual ownership of the property." *Moss, supra*, 368 A.2d at 1133–1134.

**7.** We reject appellant's assertion that his trial counsel was ineffective because she failed to call the sales clerk, whose testimony allegedly would have impeached that of Officer Medley. There is nothing in the record to support such speculation as to what the sales clerk might have said. Defense counsel cross-examined Officer Medley at some length, attempting to bring out inconsistencies in his testimony. The fact

that appellant was convicted cannot be blamed on any shortcomings of his counsel. On this record we hold that appellant's claim of ineffective assistance of counsel does not meet the standard set by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this court in *White v. United States,* 484 A.2d 553, 558 (D.C. 1984).