**Ted E. SINGLETARY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–1381.

District of Columbia Court of Appeals.

Submitted Dec. 15, 1986.

Decided Jan. 9, 1987.

P. Scott Dufault, appointed by this court, was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Helen M. Bollwerk, and Laura R. Blumenfeld, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEBEKER, BELSON, and TERRY, Associate Judges.

TERRY, Associate Judge:

After a non-jury trial, appellant was convicted of shoplifting in violation of D.C. Code § 22–3813(a) (1986 Supp.).[1] On appeal he contends that the evidence was insufficient to sustain his conviction and that the prosecutor made an improper closing argument. We disagree and affirm.

The government's only witness at trial was Anthony Christian, a private security guard. Mr. Christian testified that he was on duty in an F.W. Woolworth store when he saw appellant bent over in front of the cosmetics counter. Christian watched appellant as he tried to conceal a bottle of Jergens lotion inside his sock, under his left pants leg. Appellant was not moving toward the exit or toward any cash register. When Christian approached him, appellant dropped the bottle of lotion and started to run around the store, "hollering" and acting hysterical. Mr. Christian stopped him and placed him under arrest, then went back and picked up the bottle of lotion, which still bore the store's price tag. Appellant gave a different version of what happened, but the trial court credited Christian's testimony and found appellant

---

1. D.C.Code § 22–3813(a) provides in pertinent part:

   A person commits the offense of shoplifting if, with intent to appropriate without complete payment any personal property of an-

other that is offered for sale or with intent to defraud the owner of the value of the property, that person ... knowingly conceals or takes possession of any such property....

guilty as charged. We hold that the evidence, viewed in the light most favorable to the government,[2] was sufficient to prove appellant guilty of the crime of shoplifting. *Carmon v. United States,* 498 A.2d 580 (D.C.1985).

■ We specifically reject appellant's argument that the evidence established only an attempted shoplifting, which is not a crime. *See* D.C. Code § 22–3813(c) (1986 Supp.). The trial judge, in rejecting this same argument, ruled that a person could be guilty of the completed offense of shoplifting without leaving the store. We agree. "The fact that ... appellant was apprehended before he left the store did not absolve him." *McRae v. United States,* 222 A.2d 848, 849 (D.C.1966). Nor is it of any consequence that the bottle of lotion was not completely concealed in appellant's sock. One way of committing the offense is to conceal, with fraudulent intent, property of another that is offered for sale, but another way is simply to take possession of such property with the requisite intent. See note 1, *supra.* In this case the evidence unmistakably showed (1) that appellant took possession of the bottle of lotion, (2) that the lotion was the property of Woolworth's, and (3) that it was offered for sale.[3] The court, as trier of fact, could reasonably infer the necessary intent from the fact that appellant was attempting to conceal the bottle of lotion inside his sock. *See Groomes v. United States,* 155 A.2d 73, 75 (D.C.1959) ("appellant's actions were wholly inconsistent with those of a prospective purchaser").

■ Appellant also maintains that the prosecutor's closing argument to the court was improper and requires reversal. In her summation to the court, the prosecutor referred to the fact that appellant was a regular customer of this particular Woolworth's store and that the employees who knew him had not come forward to testify about the events leading to his arrest. These comments were what we have called a partial or incomplete missing witness argument. In *Arnold v. United States,* 511 A.2d 399, 416 (D.C.1986), we held that before counsel may make such an argument, he or she must request permission from the court to do so. We declined to reverse the conviction in *Arnold,* however, even though the prosecutor had failed to ask permission, because the prior case law had given "conflicting signals" about the propriety of such comments. "[B]ecause the law was uncertain," we said, "we cannot fault the prosecutor for failing to seek permission in advance to make an incomplete missing witness argument." *Id.* We reach the same conclusion here. This case was tried before *Arnold* was decided, so that neither the court nor counsel could have known that we would thenceforth require advance permission for a partial missing witness argument. We hold that *Arnold* controls this case and that the prosecutor's comments did not give rise to reversible error.

■ In addition, we note that this case was tried to the court without a jury. Since there is a presumption that a trial judge, in deciding a case, will disregard any inadmissible evidence and any improper argument, we could not possibly find reversible error here, even if we assumed that the prosecutor's argument was otherwise improper. *See In re L.J.W.,* 370 A.2d 1333, 1336 (D.C.1977); *In re W.N.W.,* 343 A.2d 55, 58 (D.C.1975).

*Affirmed.*

---

2. *E.g., Byrd v. United States,* 388 A.2d 1225, 1229 (D.C.1978); *Crawford v. United States,* 126 U.S. App.D.C. 156, 158, 375 F.2d 332, 334 (1967); *Curley v. United States,* 81 U.S. App. D.C. 389, 392, 160 F.2d 229, 232, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed.2d 1850 (1947).

3. The combination of appellant's behavior and the presence of the store's price tag on the bottle of lotion established the second element, and the price tag itself established the third. *See Carmon v. United States, supra,* 498 A.2d at 583.