**Silvano LOPEZ, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10–CM–1450.**

District of Columbia Court of Appeals.

Decided Oct. 27, 2011.

---

John L. Machado, appointed by the court, for appellant.

Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, and Adam B. Schwartz, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

This matter is before the Motions Division on the motion of the United States for summary affirmance. Following a bench trial, Lopez was convicted of assault. On appeal, he contends the trial court erred in convicting him because the government failed to prove the identity of the victim named in the charging information. We affirm.[1]

The information alleged that on or about April 18, 2010, Lopez assaulted Mejia Gonzales. Ms. Gonzales did not testify. However, a bystander during the assault did testify and provided clear evidence of all the elements of the offense charged. However, he did not provide evidence of the identity of the victim.

Lopez moved for a judgment of acquittal contending, among other things, that the failure to prove the identity of the victim deprived him of constitutional due process. The trial court denied his motion.

The elements of the offense of assault, D.C.Code § 22–404(a) (2001) are: (1) "an act on the part of the defendant"; (2) who had the "apparent present ability to injure" another at the time of the assault; and (3) who intended to perform the act(s) constituting the assault at the time thereof. *Dunn v. United States,* 976 A.2d 217,

219–20 (D.C.2009); *see also Watson v. United States,* 979 A.2d 1254, 1257 (D.C. 2009). Lopez does not dispute that the government's evidence was sufficient to prove each of these elements.

While we have not previously decided whether failure to prove the identity of the victim denies due process under the assault statute, we have decided the like issue under analogous statutes. Thus, we have affirmed convictions of unauthorized use of a motor vehicle and receipt of stolen property, where the same vehicle precipitated the charges. *Zacarias v. United States,* 884 A.2d 83, 88 (D.C.2005) (holding the identity of the owner of the vehicle not an element of either offense). In the shoplifting context, we have similarly held that the identity of the victim is unnecessary. *Alston v. United States,* 509 A.2d 1129, 1131 (D.C.1986). We have also held that identity of the victim is unnecessary in theft and fraud cases. *Zanders v. United States,* 678 A.2d 556, 564–65 (D.C.1996) (requiring proof that defendant "wrongfully" obtained the property of another in the shoplifting context). We now hold likewise with respect to assault.

Together, the information, coupled with the affidavit filed therewith pursuant to *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), which identified Ms. Gonzales as Lopez's wife, and the evidence presented at trial are sufficient to obviate any double jeopardy concerns. *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *Sandwick v. District of Columbia,* 21 A.3d 997, 1001 (D.C.2011).

The judgment appealed from is

*Affirmed.*

---

1. We issue this opinion only because we have not previously decided this precise issue.