Julius C. ROBINSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 84–804.

District of Columbia Court of Appeals.

Argued July 1, 1985.

Decided Dec. 18, 1985.

———————

St. John Barrett, Washington, D.C., appointed by the court, for appellant.

John M. Facciola, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and L. Jackson Thomas, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and BELSON, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

The principal issue raised in this appeal is whether under the circumstances of this case the trial court's imposition of separate sentences for each of appellant's three convictions offends the Double Jeopardy Clause. We find that appellant was properly convicted and sentenced on all charges and, accordingly, affirm his convictions and the sentences imposed by the trial court.

I

On February 27, 1978, as the complainant walked to a bus stop near her home in Hyattsville, Maryland, she was forcibly grabbed and thrown into a car by a man, later identified as appellant, Julius C. Robinson, Jr. Appellant drove the car approximately three miles into the District of Columbia, until they arrived at an isolated parking lot in the 6400 block of Chillum Place, Northwest. As soon as appellant stopped the car, the complainant jumped out of the vehicle and attempted to flee. She tripped and fell, however, and appellant seized her again. He lifted her from the ground, hit her, and threw her against the car. After forcing the complainant back into the car, appellant removed his pants and underwear, and then pushed the victim's head towards his naked crotch and demanded that she perform oral sodomy. At some point thereafter appellant pushed the car seat back, pulled the victim's blouse and brassiere up to her neck, and removed her pants and undergarments. He climbed on top of her and unsuccessfully attempted to have sexual intercourse. Appellant proceeded to kiss the complainant's breasts and torso for another fifteen minutes. Finally, appellant opened the car door and pushed her out of the vehicle.

The complainant contacted the police and on March 16, 1983, approximately two weeks after her attack, the complainant identified Robinson at a police lineup as her assailant.[1]

In an indictment filed June 15, 1984, Robinson was charged with kidnaping in violation of D.C.Code § 22–2101 (1981), assault with intent to commit rape, in violation of *id.* § 22–501, and assault with intent to commit sodomy in violation of *id.* §§ 22–503, –3502. Following a jury trial, he was convicted on all three counts and subsequently received sentences of thirty months to ten years imprisonment for the kidnaping, two to six years for assault with intent to commit rape, and one to three years for assault with intent to commit sodomy. The sentences for the assaults were to be served concurrently with each other, but consecutive to the sentence on the kidnaping count.

II

(A) *Assault Charges*

██ Robinson's principal challenge to his separate, albeit concurrent,[2] sentences for

1. The complainant also identified appellant in open court.

2. The concurrent nature of appellant's sentences does not preclude him from challenging the sentences on double jeopardy grounds. This is because of the recognized potential collateral consequences which can arise from concurrent sentences. *See Byrd v. United States,* 500 A.2d 1376, 1380–81 (D.C.1985); *Harling v. United States,* 460 A.2d 571, 572 (D.C.1983); *Doepel v. United States,* 434 A.2d 449, 459 (D.C.), *cert. denied,* 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981).

assault with intent to commit rape and assault with intent to commit sodomy, is that because his conduct took place within a short period of time, and in a confined area, it constituted "a single, continuing assault for sexual gratification," *i.e.*, one offense, for which he was subject to only one punishment. Appellant asserts that the trial court committed reversible error by sentencing him twice for the same single offense. We disagree.

■ The merger doctrine protects a defendant by preventing the government from taking conduct constituting one offense, and multiplying that offense into many charges subjecting the defendant "to multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the Supreme Court stated, however, that "[i]t is well settled that a *single transaction* can give rise to *distinct offenses* under separate statutes without violating the Double Jeopardy Clause." *Id.* at 344–45 n. 3, 101 S.Ct. at 1145–46 n. 3 (emphasis added).

■ When more than one statutory offense arises out of a single transaction, the central question which must be addressed is what punishment the legislature intended to authorize for the relevant offenses. *See id.* at 336, 101 S.Ct. at 1140. This is because "the [Double Jeopardy] constitutional guarantee is limited to assuring that the [sentencing] court does not exceed its legislative authorization.... Where Congress intended ... to impose multiple pun-

ishments, imposition of such sentences does not violate the Constitution." *Id.* at 344, 101 S.Ct. at 1145.

The familiar test for determining whether cumulative sentences offend constitutional requirements is set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 386 (1932). In *Blockburger*, the Court stated that

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. When each statutory offense "requires proof of a fact that the other does not," a presumption arises that the legislature authorized the imposition of cumulative sentences. *Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 1672, 84 L.Ed.2d 740 (1985); *United States v. Coachman*, 234 U.S.App.D.C. 194, 203, 727 F.2d 1293, 1302 (1984). In applying the *Blockburger* test, a court must compare the "statutorily-specified elements of the offenses" in question and not "the facts of the case as alleged in the indictment...." *Id.* at 202, 727 F.2d at 1301.

■ The offenses of assault with intent to commit rape and assault with intent to commit sodomy are governed by different statutes. The former is governed by D.C.Code § 22–501 (1981);[3] the latter by D.C.Code § 22–503 (1981).[4] A comparison of the essential elements of the two offenses[5] makes clear that each offense in-

---

3. Section 22–501 provides:
 Every person convicted of any assault with intent to kill or to commit rape, or to commit robbery, or mingling poison with food, drink, or medicine with intent to kill, or wilfully poisoning any well, spring, or cistern of water, shall be sentenced to imprisonment for not less than 2 years or more than 15 years.

4. Section 22–503 provides:
 Whoever assaults another with intent to commit any other offense which may be punished by imprisonment in the penitentiary shall be imprisoned not more than 5 years.

5. The essential elements of the offense of assault with intent to rape are:
 (1) that the defendant made an assault upon the complainant; (2) that he did so with specific intent to have sexual intercourse by force with the complainant; and (3) that he intended to achieve penetration of the complainant's sexual organs against her will and by using such force or threat of force as might be necessary to overcome resistance or make further resistance useless.

 Criminal Jury Instructions for the District of Columbia, No. 4.75 (1981); *see United States v.*

corporates elements which are not components of the other. Moreover, each offense carries a different penalty and manifests a separate and distinct societal interest. *Cf. Sweet v. United States,* 449 A.2d 315, 321 (D.C.1982) (establishing that assault with intent to commit sodomy is *not* a lesser included offense of rape).

The manner in which appellant committed the assaults against the complainant reinforces the separate and distinct nature of the two offenses. *See Tuckson v. United States,* 364 A.2d 138, 142 (D.C.1976). The first assault—the assault with intent to commit sodomy—occurred immediately after appellant forced his victim back into the car, after she had unsuccessfully tried to flee, and forced her head to his crotch with the demand for oral sodomy. The second assault—the assault with intent to commit rape—occurred when, after removing his victim's clothes, appellant climbed on top of her and attempted sexual intercourse. Under these circumstances, we believe that the first assault "had come to an end" when the attempt at forced sodomy failed, and that the second assault was the result of a "fresh impulse." *Blockburger v. United States, supra,* 284 U.S. at 302–03, 52 S.Ct. at 181–82; *see also Owens v. United States,* 497 A.2d 1086, 1096 (D.C. 1985).

In sum, because the government's evidence showed that appellant committed two separate offenses, each requiring proof of different elements, we conclude that the trial court's imposition of two separate and concurrent sentences for the two assault convictions did not constitute a constitutional infraction. *Compare Thorne v. United States,* 471 A.2d 247 (D.C.1983) (per curiam) (two burglary convictions—one for burglary with intent to destroy property and one for burglary with intent to assault—merged for purposes of sentencing where convictions arose from single entry and conduct violated only one statute).

### (B) *Kidnaping Charge*

■ In a related argument, appellant contends that his separate conviction and sentence for kidnaping [6] must be vacated, because under the facts of this case the seizure and transport of the victim from the point of abduction to the Chillum Place parking lot was "merely incidental" to the commission of the two assaults and, therefore, the kidnaping charge merged with the assault charges.[7] This contention is without merit.

Numerous decisions by this court, beginning with *Sinclair v. United States,* 388 A.2d 1201 (D.C.1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 (1979), and *Robinson v. United States,* 388 A.2d 1210 (D.C.1978), have addressed the question of when the movement and detention of a victim is merely incidental to the commission of another crime. Where the de-

---

*Bryant,* 137 U.S.App.D.C. 124, 133, 420 F.2d 1327, 1336 (1969).

The essential elements of sodomy, which are also applicable to a charge of assault with intent to commit sodomy, are:

1. That the defendant [took the sex organ of [another person] [an animal] into [his] [her] mouth [or anus]] [placed [his] [her] sexual organ in the mouth [or anus] of [another person] [an animal]] [had carnal copulation with another person in an opening of the body except the sexual parts];

\* \* \* \* \* \*

3. That the defendant had the intent to do the act described.

Criminal Jury Instructions, *supra,* No. 4.79.

**6.** D.C.Code § 22–2101 (1981), defines kidnaping as:

seizing, confining, inveigling, enticing, decoying, kidnaping, abducting, concealing, or carrying away any individual by any means whatsoever, and holding or detaining, or with the intent to hold or detain, such individual for ransom or reward or otherwise....

**7.** While appellant characterizes this claim as he does the previous one, *i.e.,* as an error in sentencing, we believe that his assertion of error really goes to an alleged defect in the indictment and not the sentence. In light of our conclusion that the government possessed sufficient evidence to establish the separate nature of the kidnaping offense, however, the exact characterization of appellant's argument is not significant.

tention or confinement of the victim is deemed an integral element of the crime itself it "may be viewed as merging with the principal offense in contradistinction to constituting a separate crime." *Sinclair v. United States, supra,* 388 A.2d at 1204.

In *Robinson,* a case which also involved a sexual assault, we stated that "[i]n making this determination, we inquire whether the asportation (or seizure) in a given case was of the type incidental to every rape or whether the confinement and restraint were significant enough of themselves to warrant an independent prosecution for kidnaping." 388 A.2d at 1211. A separate conviction for kidnaping "can be sustained when the movement places the victim in greater danger or makes it more likely that the perpetrator will proceed in the underlying crime and will not be apprehended." *Beck v. United States,* 402 A.2d 418, 422–23 (D.C.1979).

In the instant case, appellant forced the victim into his car, drove her nearly three miles, for more than fifteen minutes, from Hyattsville, Maryland, into an abandoned lot in the District, and then sexually attacked her. The attack took place at 5:30 a.m., in the middle of winter when it was still dark outside so that the victim could not read the street signs and did not know where appellant was taking her. Under these circumstances, it cannot be said that appellant's seizure and movement of the victim were merely incidental to the assault offenses. Evidence that appellant grabbed the victim and forced her into his car and then drove her three miles from the point of abduction to the empty lot was sufficient in and of itself to support the kidnaping

charge; appellant completed the act of kidnaping before his attempted sexual assaults. Moreover, the transportation of the victim in the dark to unfamiliar and deserted surroundings, substantially increased the likelihood of bodily harm beyond that inherent in assaults of this nature. It is also clear that by taking his victim to a strange and deserted location, appellant facilitated his ability to commit his attack. In sum, the evidence presented is sufficient to support a separate conviction for kidnaping. *See, e.g., Boyd v. United States,* 473 A.2d 828, 834 n. 7 (D.C.1984) (evidence that appellant took victim 200 yards from spot where he first accosted her, then raped her, supported kidnaping charge); *Beck v. United States, supra,* 402 A.2d at 423 (evidence that appellant forced victim into house and upstairs to bedroom where he repeatedly sexually assaulted her, supported kidnaping conviction); *United States v. Wolford,* 144 U.S.App.D.C. 1, 2–3, 444 F.2d 876, 877–78 (1971) (evidence that during truck hijacking victim was driven 3.8 miles from point of abduction, "went beyond momentary detention incident to any robbery," and supported kidnaping conviction). *Compare Robinson v. United States, supra,* 388 A.2d at 1211 (evidence that within a few moments appellant dragged victim approximately 63 paces, and then attempted to rape her, insufficient to support kidnaping charge).

In sum, none of appellant's contentions reach the level of reversible error.[8] Accordingly, his convictions on appeal are

*Affirmed.*

---

8. We summarily reject appellant's argument that the trial court committed reversible error by not *sua sponte* instructing the jury on the lesser included offense of simple assault.

Upon reviewing the record we conclude that there was insufficient evidence presented to warrant giving such an instruction. Accordingly, the trial judge's failure to give the simple assault instruction was not error. *See Robinson v. United States, supra,* 388 A.2d at 1213; *see also Day v. United States,* 390 A.2d 957, 961–62 (D.C.1978).

Similarly, we find no merit to appellant's contention that there was insufficient evidence at trial to support his conviction for assault with intent to commit rape. As outlined above, the evidence presented was consistent with appellant's forced attempt to have sexual intercourse with the victim against her will and did not as appellant contends, merely show his attempt to "enlist the victim's cooperation and assistance."