DeWayne WALLER, Appellant,

v.

UNITED STATES, Appellee.

Nos. 84–1176 and 85–1405.

District of Columbia Court of Appeals.

Argued Feb. 4, 1987.
Decided Oct. 6, 1987.

Lawrence M. Baskir, Washington, D.C., appointed by this court, for appellant.

Saul M. Pilchen, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Helen M. Bollwerk, and Robert C. Godbey, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BELSON, ROGERS and STEADMAN, Associate Judges.

BELSON, Associate Judge:

After a jury trial, appellant DeWayne Waller was convicted of several offenses arising out of an armed burglary and an armed robbery that resulted in a shooting death.[1] Those convictions were affirmed by this court on direct appeal. *Waller v. United States*, 389 A.2d 801, 811 (D.C. 1978), *cert. denied*, 446 U.S. 901, 100 S.Ct. 1824, 64 L.Ed.2d 253 *reh'g denied*, 447 U.S. 916, 100 S.Ct. 3003, 64 L.Ed.2d 865 (1980). Subsequently, appellant filed a pro se motion to correct an illegal sentence pursuant to D.C.Code § 23–110 (1981). In that motion, Waller argued that his conviction for first-degree burglary while armed should be vacated because it merged into his conviction for first-degree felony murder, the predicate felony of which was attempted armed robbery.[2] The trial court denied appellant's motion with respect to his bur-

---

1. Appellant was convicted of first-degree felony murder, D.C.Code § 22–2401 (1981); first-degree burglary while armed, D.C.Code §§ 22–1801(a), –3202 (1981) (amended 1983); attempted armed robbery, D.C.Code §§ 22–2902, –3202 (1981) (amended 1983); three counts of armed robbery, D.C.Code §§ 22–2901, –3202 (1981) (amended 1983); three counts of assault with intent to commit robbery while armed, D.C. Code §§ 22–501, –3202 (1981) (amended 1983); assault with a dangerous weapon, D.C.Code § 22–502 (1981); and carrying a pistol without a license, D.C.Code § 22–3203(a)(4) (1981).

2. Appellant made the limited argument that the sentences for his burglary and felony murder convictions should be concurrent, rather than consecutive. We view appellant's motion as a challenge to the convictions themselves since, under the law of this jurisdiction, it is clear that even *concurrent* sentences for offenses that merge are prohibited. In *Doepel v. United States*, 434 A.2d 449 (D.C.), *cert. denied*, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981), the court remanded for resentencing where the trial court had imposed concurrent sentences for felony murder and the underlying rape, explaining "even a concurrent sentence is an element of punishment because of potential collateral consequences." *Id.* at 459. The Supreme Court agreed in *Ball v. United States*, 470 U.S. 856,

glary conviction, but vacated *sua sponte* appellant's convictions for attempted robbery and for assault with a dangerous weapon. Appellant now appeals from the portion of that order that denied his motion to vacate his burglary conviction. Appellant also contends that the trial court erred in ruling that his motion to reduce sentence, filed on January 24, 1984, was untimely. Finding no merit to these contentions, we affirm.

■ The double jeopardy clause of the fifth amendment protects a defendant not only against a second trial for the same offense, but also "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The Supreme Court has held that "[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). The Supreme Court further explained in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981): "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Id.* at 344, 101 S.Ct. at 1145. Thus, in the instant case, this court must determine whether the legislature authorized punishments for both first-degree burglary while armed and first-degree felony murder predicated on the offense of attempted armed robbery.

■ There are two steps to this process. First, we must decide whether the two crimes, *i.e.*, first-degree burglary while armed and first-degree felony murder (predicated on attempted armed robbery), violated distinct statutory provisions. *See Byrd, supra* note 2, 500 A.2d at 1384. In this case, it is undisputed that they did.

Second, we must determine what punishments the legislature has authorized for an individual convicted of committing these offenses. *See Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1435, 63 L.Ed.2d 715 (1980). The inquiry looks beyond the statutory maximum sentences the law permits to the question of whether the sentences for the two offenses may be made consecutive rather than merely concurrent. *See id.* at 688–89, 100 S.Ct. at 1435–36. Because the felony murder and burglary statutes do not themselves express a preference for consecutive or concurrent sentencing,[3] we look to D.C.Code § 23–112 (1981),[4] which expresses the legislature's intent with respect to consecutive sentencing of those convicted of violating the laws of the District of Columbia. *Cf. Garrett v. United States*, 471 U.S. 773, 779, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985) (language, structure, and legislative history of Comprehensive Drug Abuse Prevention and Control Act of 1970 plainly show that Congress intended continuing criminal enterprise provision to be a separate criminal offense punishable in addition to predicate felonies).

In *Whalen, supra*, 445 U.S. at 693, 100 S.Ct. at 1438, the Supreme Court interpreted D.C.Code § 23–112 as incorporating the

861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985), where it stated that "[f]or purposes of applying the *Blockburger* [*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test ... 'punishment' must be the equivalent of a criminal conviction and not simply the imposition of sentence." *See also Byrd v. United States*, 500 A.2d 1376, 1381 (D.C.1985) (concurrent sentences do not obviate multiple punishment concerns), *adopted in relevant part, on reh'g*, 510 A.2d 1035 (1986) (en banc).

**3.** The legislative history of the felony murder statute sheds no light on this question. *See*

*Whalen, supra*, 445 U.S. at 690 & n. 5, 100 S.Ct. at 1437 & n. 5.

**4.** D.C.Code § 23–112 (1981) provides as follows:

A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

rule of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for construing the penal provisions of the District of Columbia Code. The *Blockburger* rule is that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182.

*Blockburger* supplies a helpful rule of statutory construction which in most cases readily resolves the question whether multiple punishments may be imposed. Prior to the Supreme Court's opinion in *Albernaz, supra,* there was some confusion as to whether the focus of scrutiny should be on the facts of a particular case or on the formal elements of the offenses being considered.[5] *Albernaz* made clear that one must look to the statutory elements, and quoted the following language from *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975):

> As *Blockburger* and other decisions applying its principle reveal, ... the Court's application of the test focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

*Albernaz, supra,* 450 U.S. at 338, 101 S.Ct. at 1142.

In *Albernaz*, the court was called upon to apply the *Blockburger* test to defendants who had received consecutive sentences on related charges of conspiracy to import marijuana and conspiracy to distribute marijuana. 450 U.S. at 334, 101 S.Ct. at 1140. The conspiracy underlying the two convictions was the same. *Id.* at 335, 101 S.Ct. at 1140. The controlling question was whether violation of the two statutes, which differed from one another only in the goals of the proscribed conspiracies, constituted two different offenses or the same offense. The Court found that because the two statutes specified different ends as the proscribed object of the conspiracy, "it is beyond peradventure that 'each provision requires proof of a fact [that] the other does not.'" *Id.* at 339, 101 S.Ct. at 1142 (alteration in original). The Court pointed out in a footnote that it was well settled that a single transaction could give rise to distinct offenses under separate statutes without violating the double jeopardy clause. *Id.* at 344 n. 3, 101 S.Ct. at 1145 n. 3.

Applying the teaching of *Albernaz* to the case before us, we see that the task of focusing on the statutory elements presents a special problem because the elements of felony murder, as our statute is defined, may include the elements of any one or more of the six felonies (or attempted felonies) enumerated in D.C.Code § 22–2401 (1981) as predicate felonies for felony murder.[6] The Supreme Court in *Whalen, supra,* dealt with the structure of this statute, and concluded that for purposes of imposing cumulative sentences under D.C. Code § 23–112, Congress had intended rape to be considered a lesser offense included within the offense of a felony murder in the course of rape. 445 U.S. at 693–94 & n. 8, 100 S.Ct. at 1438–39 & n. 8. We held in *Harling v. United States*, 460 A.2d 571 (D.C.1983), that the rationale of the Supreme Court's opinion in *Whalen* could not be limited to felony murder cases in which the predicate felony is rape, but rather extends to cases involving the five other underlying felonies enumerated in the felo-

---

5. In *United States v. Sampol*, 204 U.S.App.D.C. 349, 636 F.2d 621 (1980) (per curiam), the United States Court of Appeals for the District of Columbia Circuit focused its inquiry on the portion of the evidence which was capable of establishing convictions for both misprision of a felony and false statements before a grand jury, and held that double jeopardy concepts permitted conviction of only one of those offenses even though each required proof of an element the other did not. *Id.* at 380–81, 636 F.2d at 652–53. The same court later pointed out in *United States v. Bridges*, 230 U.S.App.D.C. 387, 393, 717 F.2d 1444, 1450 (1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 708 (1984), that the *Sampol* court had erred, and that the proper course was to compare the terms of the relevant statutory provisions.

6. The enumerated felonies are arson, rape, mayhem, robbery, kidnapping, and housebreaking while armed. D.C.Code § 22–2401 (1981).

ny murder statute. *Id.* at 573. Accordingly, the elements of the predicate felony become additional elements which must be proven in order to establish the offense of felony murder. Because the felony murder statute allows a number of alternative felonies to serve as predicates for a felony murder charge, in applying the *Blockburger* test, we must focus on the predicate felony or felonies identified in the count of the indictment being considered. *See Logan v. United States,* 460 A.2d 34, 36–37 (D.C.1983) (to determine whether one offense is wholly included within and merges with another, court may examine wording of indictment as well as language of statute); *Matthews v. Marshall,* 754 F.2d 158, 159–60 (6th Cir.1985) (court must determine which felony government is trying to prove in order to decide whether there is double jeopardy problem when defendant previously convicted of aggravated robbery is tried for aggravated murder), *rev'd on other grounds,* 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 *reh'g denied,* 475 U.S. 1132, 106 S.Ct. 1663, 90 L.Ed.2d 205 (1986) (reversing only as to appropriate remedy for double jeopardy violation).[7]

The indictment against appellant charged him *inter alia* with "kill[ing] James Granby in perpetrating and attempting to perpetrate the crime of robbery" (Count 1) and with entering a dwelling while armed with intent to steal the property of another (Count 4). Thus, because the predicate offense to the charge of felony murder as provided in the indictment was attempted robbery, the elements of felony murder in this case included the elements necessary to establish that appellant killed another while attempting to perpetrate a robbery. *See* D.C.Code § 22–2401 (1981). In the language of *Bridges, supra* note 5, these became the "relevant statutory provisions" which were to be compared with the statutory elements of burglary in the application of the *Blockburger* test. 230 U.S.App.D.C. at 393, 717 F.2d at 1450. Consistent with the indictment, the evidence at trial showed that Waller, who was armed with a pistol he was not licensed to carry, joined his codefendants in forcing their way into an apartment, announcing a robbery, assaulting and shooting one James Granby, who later died as a result, and robbing all of the individuals in the apartment.[8]

Appellant argues that on the facts of this case, the armed burglary charge could have served as the predicate offense to the felony murder charge, and that his conviction for armed burglary therefore merges into his conviction for felony murder. Appellant is correct that the felony murder statute provides that armed burglary can serve as a predicate for the offense of felony murder. D.C.Code § 22–2401 (1981). Under the indictment in this case, however, the government was not required to prove burglary in order to prove felony murder. *See Whalen, supra,* 445 U.S. at 694, 100 S.Ct. at 1439 (cumulative punishments for felony murder and rape permissible under *Blockburger* where predicate felony is robbery, not rape). Had the indict-

---

**7.** Our ruling here finds further support in the holding of the Supreme Court in *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). There the Court relied upon the indefinite nature of the offense of reckless driving, which underlay an involuntary manslaughter charge, to rule that there was not necessarily a double jeopardy problem in prosecuting the defendant for involuntary manslaughter after he had been convicted of a failure to control his vehicle's speed in connection with the same automobile accident that caused death. The court acknowledged that a problem could arise at trial if the prosecution relied upon a failure to control speed in order to prove recklessness, but noted that there were many other ways to prove recklessness. *Id.* at 418–19 & n. 7, 100 S.Ct. at 2266–67 & n. 7. In *Vitale,* there was a murky distinction between the offense charged separately, failure to control speed, and the vio-

lations that might underlie the subsequent manslaughter charge. Yet the court held that the manslaughter prosecution was not constitutionally barred unless the previously tried charge was used in that prosecution as all or part of the basis for proving the underlying reckless acts. *Id.* at 421, 100 S.Ct. at 2267.

Here, in contrast, the count of the indictment charging felony murder was specific with respect to which felony served as a predicate for the felony murder count. It follows that here, where the burglary was clearly identified as a separate offense and was not used as the basis for establishing felony murder, there is no constitutional bar to their respective convictions.

**8.** For a more thorough recitation of the facts underlying the offenses in this case, *see Waller v. United States, supra,* 389 A.2d at 804.

ment named armed burglary as the offense underlying the felony murder charge, and even if it had named both armed burglary and attempted armed robbery as predicate offenses within a single count, a conviction for armed burglary would merge into the conviction for felony murder. *See Whalen, supra,* 445 U.S. at 694 n. 8, 100 S.Ct. at 1439 n. 8 ("for purposes of imposing cumulative sentences under D.C.Code § 23-112, Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of a rape"); *Harling, supra,* 460 A.2d at 574 (all underlying felonies merge into felony murder conviction); *Leasure v. United States,* 458 A.2d 726, 731 (D.C.1983) (per curiam) (same).[9]

Here, however, the armed burglary charge required the government to prove at least one fact that felony murder not, *i.e.,* that the defendant entered a dwelling or other building, apartment, or room; and the felony murder charge required proof of at least one fact that armed burglary did not, *i.e.,* that the defendant killed another person. *See* D.C.Code §§ 22-1801, -2401 (1981). Therefore, under the *Blockburger* test, the offenses of armed burglary and felony murder do not merge here.[10]

■ Appellant also argues that the trial court erred in denying as untimely his motion to reduce sentence pursuant to Super. Ct.Crim.R. 35(b), which was filed approximately three and a half years after the Supreme Court denied appellant's petition for rehearing of its denial of certiorari from this court's affirmance of his convictions. Appellant argues that although the Supreme Court denied his motion for rehearing in June 1980, and his motion to

reduce sentence was not filed until January 1984, his motion was not untimely since the record does not disclose when he received notice of the Supreme Court's denial of rehearing on his petition for certiorari. Appellant misperceives the record. In a motion filed by appellant on October 7, 1980, appellant noted that the Supreme Court had previously denied his petition for rehearing. Since it is apparent that prior to October 1980, appellant had received actual notice that his direct appeal had concluded, appellant's motion to reduce sentence filed more than 120 days later was untimely. *See* Super.Ct.Crim.R. 35(b).

*Affirmed.*

---

9. The government is not required to lump all possible predicate offenses in one felony murder count. In fact, this court has recommended that, in cases where there are several possible predicate offenses, the government should charge several counts of felony murder, with each count based on a different predicate offense. *See Byrd, supra,* 500 A.2d at 1387. Of course, if the defendant were convicted on all charges, convictions for duplicate counts of felony murder would have to be vacated. *Id.* at 1388-89. But convictions for all charged felonies other than the felony supporting the surviving felony murder conviction could stand.

10. We addressed essentially the same argument that appellant makes here in *Wright v. United*

*States,* 513 A.2d 804 (D.C.), *cert. denied,* —— U.S. ——, 107 S.Ct. 406, 93 L.Ed.2d 359 (1986). In *Wright,* the defendant was convicted of two counts of felony murder for the killing of a single person, Robert Bush. *Id.* at 805 n. 1. One of the murder convictions was predicated on the attempted robbery of Bush and the other was predicated on the attempted robbery of Robert Triplett. We remanded the case to permit the trial court to vacate one of the felony murder convictions and to reinstate and reimpose sentence for the attempted robbery convictions that no longer merged into a felony murder conviction. *Id.*