Lawrence M. Baskir, Washington, D.C., appointed by the court, for appellant. Appellant filed a pro se supplement to appellant's brief.

Joan C. Barton, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, Michael W. Farrell and Mary Ellen Abrecht, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and MACK and NEWMAN, Associate Judges.

PER CURIAM:

Following a trial by jury, appellant, Thaddeus L. Vines, was convicted of two counts of armed kidnapping, D.C. Code §§ 22–2101, –3202 (1981), and two counts of armed robbery, *id.* §§ 22–2901, –3202. He was sentenced to a period of imprisonment for five to fifteen years on each count of armed kidnapping, and nine to thirty years on each count of armed robbery, with all sentences imposed to run concurrently but consecutive to any other sentence being served. On appeal, appellant challenges his convictions on several grounds. Al-

**Thaddeus L. VINES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–214.

District of Columbia Court of Appeals.

Argued April 18, 1988.

Decided May 19, 1988.

---

though we reject most of the contentions raised,[1] we find merit in appellant's argument that, under the facts of this case, the kidnapping charges merged with the robbery charges. Accordingly, we affirm in part, reverse in part, and vacate appellant's sentences for armed kidnapping.

The government's evidence showed that on September 5, 1985, at approximately 1:00 p.m., insurance agents Doug Wooden and Rick Shakra stood in the basement hallway of an apartment building located at 1240 Holbrook Terrace, N.E., and knocked on Sharon Vest's door. The men were attempting to contact Vest in order to obtain payment for an insurance policy. After knocking a few times, and receiving no response, the men decided to leave. As they were about to exit the building, appellant appeared wearing a ski mask and holding a sawed-off shotgun which he said was loaded. He ordered his victims to proceed into a nearby laundry room and directed them to empty the contents of their pockets onto the floor. The men complied, and appellant then told them to lie on the floor. After collecting the money and property, appellant ordered Shakra to remain where he was, but directed Wooden to move into the basement hallway and to lie on the floor. Moments later, appellant returned to the laundry room, directed Shakra to move through the hallway past Wooden, and ordered him to open the door of a storage room. Appellant then directed both men to lie on the floor of the room, slammed the door, placed a brick against it, and left. These events lasted approximately ten minutes. Wooden and Shakra remained in the storage room for about five more minutes before they pushed open the door and ran to a building across the street where they called the police. Following an investigation of the incident, a warrant was obtained and appellant was arrested.

Appellant contends that, under the facts of this case, the kidnapping charges merged with the robbery charges because the movements and detentions of the victims were merely incidental to the commission of the robbery. We agree.

We have said that "[w]here the detention or confinement of the victim is deemed an integral element of the crime itself it 'may be viewed as merging with the principal offense in contradistinction to constituting a separate crime.' " *Robinson v. United States*, 501 A.2d 1273, 1276–77 (D.C.1985) (quoting *Sinclair v. United States*, 388 A.2d 1201, 1204 (D.C.1978), *cert. denied*, 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 (1979)). In determining whether the detention or confinement is an integral element of the crime, "we inquire whether the asportation (or seizure) in a given case was of the type incidental to [the crime] or whether the confinement and restraint were significant enough of themselves to warrant an independent prosecution for kidnapping." *Id.* 501 A.2d at 1277 (quoting *Robinson v. United States*, 388 A.2d 1210, 1211 (D.C.1978)). When the detention or confinement is momentary and coextensive in time and place with the underlying crime, it is deemed an integral element of that crime. *Sinclair v. United States, supra*, 388 A.2d at 1204. But, "when the movement places the victim in greater danger or makes it more likely that the perpetrator will succeed in the underlying crime and will not be apprehended," the kidnapping offense does not merge with the underlying crime. *Beck v. United States*, 402 A.2d 418, 422–23 (D.C.1979).

---

1. Appellant's argument that the trial court erred in denying his motion to suppress identification evidence is without merit. Our review of the lineup photograph and videotape of the lineup identification in this case leads us to conclude that the lineup procedures were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *In re L.W.*, 390 A.2d 435, 437 (D.C. 1978) (quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968)).

Appellant's claim that the prosecutor was required to request advance permission from the trial court before presenting a partial missing witness argument during her closing remarks must also fail since the trial in this case occurred prior to our decision in *Arnold v. United States*, 511 A.2d 399 (D.C.1986). *See Singletary v. United States*, 519 A.2d 701, 702 (D.C.1987). Appellant's additional contentions are without merit and are therefore summarily rejected.

In the instant case, the movements of the victims were incidental to the robbery and their detentions momentary and coextensive in time and place with that crime. Moreover, the movement into the laundry room and then into the storage room did not place the victims in any greater danger than that normally inherent in a robbery of this type. Finally, although the movement into the laundry room made it more likely that appellant would succeed in the underlying robbery, the movement into the storage room, while facilitating appellant's escape, did not render it more likely that he would avoid apprehension. Accordingly, we conclude that appellant's convictions for armed kidnapping cannot stand.

*Judgment of conviction for armed robbery affirmed; judgment of conviction for armed kidnapping reversed, and sentences vacated.*